The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

**Dated:  October 22 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.  18-32764 |
| | ) | |
| Lorraine Hotel 2017 LLC, | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor-in-Possession. . | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER OF DISMISSAL

The court held an  evidentiary hearing on October 17, 2018, on the Emergency Motion to Dismiss Chapter 11 Case filed by the United States Trustee ("UST") [Doc. # 14], in which parties in interest One Wheel Equities, LLC and Your Vanguard Investments, LLC joined [Doc. # 22].

Section 1112(b) of the Bankruptcy Code provides in relevant part as follows:

> Except as provided in paragraph (2) . . ., on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).  As stated, upon establishment of cause, the court shall dismiss or convert the case, or appoint a Chapter 11 trustee or examiner, unless there exists specific circumstances set forth in subsection (b)(2), which requires the existence of unusual circumstances such that conversion or dismissal would not be in the best interests of creditors and the estate.  Cause under § 1112(b) exists where a debtor fails to

maintain appropriate insurance that poses a risk to the estate or to the public. 11 U.S.C. § 1112(b)(4)(C).

This case was commenced on August 30, 2018, as a small business, single asset real estate case after commencement of an action against Debtor in state court seeking, among other relief, appointment of a receiver. [Doc. # 1, p. 13]; *see* 11 U.S.C. § 101(51B) and (51D). Debtor owns and operates a hotel with 93 licensed rooms, approximately 54 of which are presently rentable. Debtor's representative, Ronald Wilson, testified at the hearing that the hotel is Debtor's primary asset and, without it, Debtor has nothing.

While the court has taken the motion under advisement, one of the several grounds for dismissal raised by the UST is Debtor's lack of casualty insurance. The allegations in the motion regarding lack of customary and appropriate insurance coverage given the business involved are what caused the court to consider it on an emergency basis. At the hearing, Debtor provided a Certificate of Liability Insurance, which Wilson testified represents the only insurance policy maintained by Debtor and which he believes includes a property insurance component in the event the hotel is destroyed (*e.g*. by fire). [Trustee's Ex. A]. However, the existence of insurance coverage on the hotel property cannot be determined from the certificate, and satisfactory documentary proof of such insurance on the hotel, which ought to be readily available, was not otherwise provided at the hearing.

Appropriate insurance coverage is of paramount importance in this Chapter 11 case given the single asset nature and the operations of the business as a struggling downtown hotel. Appropriate insurance includes casualty insurance on the hotel property as well as liability insurance in order to reduce risk of loss to the bankruptcy estate and the public. Failure to maintain such insurance is cause for dismissal. 11 U.S.C. § 1112(b)(4)(C); *see* 11 U.S.C. § 1116(5). The secured creditor's mortgage on the hotel property also requires Debtor to maintain coverage insuring against loss of or damage to the hotel property itself. [Trustee's Ex. D, ¶ 3; *see id.* ¶ 6]. By order entered on October 17, 2018, Debtor was thus required to file evidence of casualty insurance coverage on its real property on or before October 19, 2018. [Doc. # 34]. The court's order specified that the case would be dismissed without further notice or opportunity for hearing if Debtor failed to file evidence of such insurance. [*Id.*].

On October 19, 2018, Debtor filed a Notice of Insurance Coverage as stated in the Commercial General Liability Declarations ("Policy") attached thereto. [Doc. # 37]. Under Section I, "Coverage A Bodily Injury and Property Damage," the Policy provides coverage for sums that Debtor becomes legally obligated to pay as damages because of bodily injury or property damage caused by an "occurrence." [Doc. # 37-1, Sect. 1, ¶ 1.a and b]. An "occurrence" is defined as "an accident, including continuing or repeated

2

exposure to substantially the same general harmful conditions." [*Id.*, Sect. 5, ¶ 13].

Section I of the Policy specifically excludes property damage to property Debtor owns, "including any costs or expenses incurred by [Debtor], or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property." [*Id.*, Sect. 1, ¶ 2.j]. An attached endorsement to the Policy states that it modifies insurance provided under the "Commercial General Liability Coverage" and provides that "[t]his insurance does not apply to any claim or 'suit' for 'bodily injury,' 'property damage,' . . . arising directly or indirectly out of, related to, or in any way involving fire, smoke or any conceivable by-product of combustion." [*Id.*, p. 68/77]. While this exclusion does not apply to "property damage" to any premises while rented by Debtor, [*id.; see also id.* at Sect. III, ¶ 6], the real property for which Debtor must maintain insurance is owned, not rented, by Debtor. The court has reviewed the entire Policy and has found no provision for casualty insurance covering the destruction of or damage to any or all of Debtor's real property.

Debtor having failed to provide evidence of appropriate insurance as required by the court's October 17 order, cause for dismissal exists under § 1112(b)(4)(C). No party requested conversion or the appointment of a trustee under § 1104(a) as an alternative to the case being dismissed. The court finds that, absent evidence of adequate insurance coverage, neither conversion nor appointment of a trustee is appropriate. At the time of filing, Debtor's liquid assets included only $127.00 in its checking account. Debtor has filed no cash-flow statements or other financial statements as required under § 1116(1). However, Wilson testified that Debtor has been operating at a loss. To the extent that additional insurance must be purchased, there appear to be no funds to do so. If Debtor had the funds to insure the real property, the court would have seen evidence of such coverage by now. A Chapter 7 or Chapter 11 trustee will be in no better cash or operating position than Debtor in relation to obtaining customary and appropriate insurance coverage on the property of the estate. Given the risk of loss posed to the estate and creditors (including especially the secured creditor) by the lack of insurance coverage, parties in interest need to be able to pursue any actions and remedies outside of bankruptcy available to protect their interests under the circumstances. And the court finds no unusual circumstances such that conversion or dismissal would not be in the best interests of creditors and the estate. Debtor's secured creditor, other creditors and interested parties have adequate state law remedies that they may pursue in state court if this case is dismissed.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that this Chapter 11 case be, and hereby is, **DISMISSED**; and

**IT IS FURTHER ORDERED** that the Clerk, U.S. Bankruptcy Court, serve a notice of this Order of Dismissal upon the Debtor, Debtor's counsel, the United States Trustee, and all Creditors and parties in interest.

###